UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODRICUS HUGGINS                                                                                      PETITIONER

VERSUS                                                            CIVIL ACTION NO. 3:16CV637-TSL-RHW

STATE OF MISSISSIPPI                                                                              RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Rodricus Huggins filed a petition for writ of habeas corpus asserting that he is being falsely imprisoned on charges of rape. Doc. [1]. He seeks dismissal of the pending charges based on a lack of evidence. *Id.* at 1. He also requests a reduction in his bond and complains that he has not been indicted and that he has been incarcerated for ten months without a hearing and without seeing an attorney. *Id.* at 5. He seeks dismissal of the charges and immediate release from custody. *Id.* at 15. Respondent filed a motion to dismiss arguing that Huggins has not filed state court pleadings seeking resolution of his claims and that his request for dismissal of the charges is not available pursuant to federal habeas law. Doc. [11]. Huggins has not filed a response in opposition to the motion.

In October 2015, Huggins was arrested on charges of forcible rape. Doc. [11-1] (indicating 16 days incarceration at the Lauderdale County Jail as of 11/12/2015). In a petition executed on November 12, 2015, Huggins requested court-appointed counsel. *Id.* Counsel for Respondent indicates that this request was granted. Doc. [11] at 2. On November 17, 2015, while represented by counsel, Huggins pleaded guilty to possession of cocaine in the Circuit Court of Lauderdale County. Doc. [11-2]. The court sentenced Huggins to a three-year suspended sentence and probation. *Id.* The circuit court judge noted that Huggins had another

charge pending that precluded his release from custody unless bond is made on the other pending charges. *Id.* at 3. It appears that Huggins was released on bond at some point, because he was arrested on April 11, 2016 for violating the terms of his probation. Doc. [11-3]. The court sentenced Huggins to serve 90 days in the Mississippi Department of Corrections Technical Violations Center. *Id.* Respondent represents that Huggins' rape charge was scheduled to be presented to the grand jury in January 2017. Doc. [11] at 2.

## Law and Analysis

Huggins filed the instant petition pursuant to 28 U.S.C. § 2254, though at the time of filing he was a pretrial detainee. Thus, his petition for federal habeas relief is governed by 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). To the extent that Huggins seeks to have the charges dismissed against him based on a speedy trial claim, his petition is without merit. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden*, 410 U.S. at 493. Huggins plainly states that he wishes to have the charges dismissed against him based on lack of evidence and what appears to be a speedy trial claim. Huggins' request to have charges dismissed against him is not attainable through federal habeas corpus. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). He has not identified any special circumstances that would cause this Court to entertain his request for release from custody.

In the alternative, Huggins' petition fails because he has not exhausted state remedies. As the Fifth Circuit explained in *Dickerson*, "although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." 816 F.2d at 225. Huggins indicates in his petition that he has not raised any of his claims through applicable state court proceedings. Instead, the undersigned finds that Huggins prematurely and impermissibly seeks to raise sufficiency-of-evidence and speedy-trial claims through the federal habeas provisions.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [11] Motion to Dismiss be GRANTED and that Huggins' [1] Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by

the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 23rd day of March, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE